Clark v. SmithKline Beecham                                                                                        Doc. 3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **GAIL CLARK, Individually, as Surviving Parent of Chad Clark, Deceased, and as Administratrix of the Estate of Chad Clark,** : : : : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 7:06-cv-30 (HL) |
| : | |
| **SMITHKLINE BEECHAM, d/b/a GLAXOSMITHKLINE** : : : | |
| Defendant. : | |

## **ORDER**

### I.   PRELIMINARY STATEMENT

The Court conducts an initial review of each case. This initial review ensures that each case has a proper jurisdictional basis. Proper jurisdiction is important because federal courts only have limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Save the Bay, Inc. v. United States Army, 639 F.2d 1100, 1102 (5th Cir. 1981).[1] They possess only that power authorized by the United States Constitution and by federal statutes. Kokkonen, 511 U.S. at 377; Save the Bay, 639 F.2d at 1102. Therefore, federal courts should constantly examine a case's jurisdictional basis—even on their own initiative if necessary. Save

---

[1] The United States Court of Appeals for the Eleventh Circuit has adopted the case law of the former Fifth Circuit handed down as of September 30, 1981, as its governing body of precedent. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc). This body of precedent is binding unless and until overruled by the Eleventh Circuit en banc. Id.

Dockets.Justia.com

the Bay, 639 F.2d at 1102 (citing Fed. R. Civ. P. 12(h)(3); Louisville & Nashville R.R. v. Mottley, 211 U.S. 149 (1908)).

Original jurisdiction in this Court may be based on a federal question or on diversity of citizenship. 28 U.S.C.A. §§ 1331, 1332 (West 1993 & Supp. 2004). The requirements for diversity of citizenship jurisdiction are set forth in 28 U.S.C. § 1332, which states that federal district courts have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C.A. § 1332(a)(1) (West 1993 & Supp. 2004) (emphasis added). Further, "complete diversity" must exist for the court to retain jurisdiction, that is, every plaintiff must be diverse from every defendant. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998).

Regarding natural persons, there is no statutory definition of what constitutes a "citizen" for diversity purposes. 15 James Wm. Moore et al., Moore's Federal Practice, § 102.30 (3d ed. 2004) (hereinafter "Moore's") (citing Galva Foundry Co. v. Heiden, 924 F.2d 729, 730 (7th Cir. 1991)). Federal courts interpret citizenship under § 1332 as requiring a natural person to be a United States citizen and be domiciled in a state. See, e.g., Las Vistas Villas, S.A. v. Petersen, 778 F. Supp. 1202, 1204 (M.D. Fla. 1991), aff'd, 13 F.3d 409 (11th Cir. 1994). Thus, there are two necessary inquiries regarding citizenship for diversity jurisdiction: (1) whether the person is a United States citizen, and (2) whether the person is domiciled in a particular state. 15 Moore's, § 102.30. Regarding corporations, however, what constitutes a "citizen" much clearer. A corporation is a citizen of any State in which it was incorporated and of the State of

its one principal place of business.  See 28 U.S.C.A. 1332(c)(1); Bel-Bel Int'l.. Corp. v. Cmty. Bank of Homestead, 162 F.3d 1101, 1106 (11th Cir. 1998).

**II.   ANALYSIS**

While the Court is content that Plaintiff Gail Clark ("Clark") has satisfied the amount in controversy requirement, it concludes she has failed to plead citizenship properly for two reasons.

**A.   Citizenship of Plaintiffs**

First, Clark has set forth she is a citizen of Alabama (Compl. ¶ 2), however, Clark has brought this suit in two distinct capacities – individually, as the sole surviving parent of the decedent, and also as the administratrix of her deceased son's estate.  Therefore, while Clark has provided the Court with the information that she is a citizen of Alabama, and diversity jurisdiction for her individual suit shall be examined in light of that citizenship, she also needs to provide the Court with her son's citizenship.  This is because when acting in a representative capacity, a decedent's personal representative is deemed to be a citizen of the state of which the deceased was a citizen at the time of his death.  See 28 U.S.C. 1332(c); Palmer v. Hosp. Auth. of Randolph County, 22 F.3d 1559, 1562 n.1 (11th Cir. 1994); James v. Three Notch Med. Ctr., 966 F. Supp. 1112, 1116 (M.D. Ala. 1997).

Here, Clark has only alleged the decedent was a resident of Georgia.  (Compl. ¶ 2.)  A complaint merely alleging residency, as opposed to state citizenship or domicile, may be insufficient to invoke diversity jurisdiction.  Duff v. Beaty, 804 F. Supp. 332, 334 (N.D. Ga. 1992);  e.g., Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998).  This is because domicile is not

always the same as residence, as a person may reside in one place but be domiciled elsewhere. See Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989). Therefore, a party must plead citizenship distinctly and affirmatively. Toms v. Country Quality Meats, Inc., 610 F.2d 313, 316 (5th Cir. 1980); Am. Motorists Ins. Co. v. Am. Emp. Ins. Co., 600 F.2d 15, 16 (5th Cir. 1979); see also Duff, 804 F. Supp. at 334. Allegations regarding residency tell the Court nothing. In lieu of residency, Clark must allege her son's United States citizenship and the state of which he was a "citizen" or "domiciliary."

### B. Citizenship of Defendant

Second, Clark's Complaint merely notes Defendant is a "British owned and controlled pharmaceutical company with dual American headquarters in Pennsylvania and North Carolina." (Compl. at ¶ 3.) Clark has failed to make a specific reference to the state in which Defendant was incorporated or to disclose where its one principal place of business lies. As Clark's allegation does not foreclose the possibility that Defendant was incorporated or has its one principal place of business in Alabama or Georgia,[2] complete diversity might not exist in this case. Therefore, Clark's jurisdictional allegation is deficient.

### III. CONCLUSION

Clark asserts in her complaint that "[j]urisdiction is based on diversity of citizenship," (Id. ¶ 4), but this statement is a legal conclusion which the Court is entitled to make

---

[2] The Court mentions "Georgia" here, presuming Clark will allege her son was a citizen of Georgia, but recognizes diversity jurisdiction will be determined in part by whatever state of which the decedent was a citizen or domiciliary, a fact of which the Court is currently ignorant.

4

independently after reviewing the proper jurisdictional allegations. Consequently, Clark must amend her complaint to cure the aforementioned jurisdictional defects. If Clark fails to file an amendment correcting these defects within twenty (20) days after this Order is entered on the docket, this case shall be **DISMISSED**.

SO ORDERED, this the 17th day of April, 2006.

s/   Hugh Lawson

**HUGH LAWSON, JUDGE**

pdl